No. 719

First Circuit

---

TURNER v. YOUNG

---

(January 26, 1931. Opinion and Decree.)

---

Coleman D. Reed, of Oakdale, attorney for plaintiff, appellee.

John B. Kent, of Beaumont, attorney for defendant, appellant.

MOUTON, J. This appeal is taken from a judgment recognizing plaintiff and two minor sons entitled to the ownership of a mare and colt, for damages as rental for

their use by defendant, and maintaining a writ of sequestration issued in the case.

Plaintiff was married to J. E. Brown in 1919, who died in 1922. Two children, now minors, were born of the marriage for whom she sues as owners in indivision with her of the property, which was acquired by her husband before his marriage. She is now the wife of James Turner by a second marriage.

The defense of Young is, that he bought the mare from one Leonard, sold it to J. E. Brown, plaintiff's first husband, on terms of credit, who being unable to pay returned the mare to him. His position is therefore that he reacquired the property by dation en paiement from his vendee, J. E. Brown.

The preponderance of the evidence shows that the property remained in the actual possession of the plaintiff for herself individually and as tutrix of the minor heirs from the death of her first husband in 1922, to about the year 1929, a period of over eight years, when without her consent or authority, personally or as tutrix, defendant took possession of the mare and colt.

Young testifies that J. E. Brown said, being unable to pay, he would return the property, but that the mare was then on the range, and that he did not take possession. It is elementary that the giving in payment is made only by delivery. C.C. art. 2656. This principle is not disputed by learned counsel for defendant, and the citation of decisions on the subject is unnecessary. Possession not having been delivered by J. E. Brown to defendant, it remained in his widow and minor heirs; hence the dation en paiement was not legally effected, which gave plaintiffs the right to recover the ownership of the property with the maintenance of the sequestration and rental value for its illegal use by defendant as was decreed below.